**2015 UT App 297**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
DUANE H. SANDRIDGE,
Appellant.

Per Curiam Decision
No. 20150055-CA
Filed December 17, 2015

Fourth District Court, Heber Department
The Honorable Roger W. Griffin
No. 131500246

J. Edwards Jones, Attorney for Appellant

Sean D. Reyes and Cherise M. Bacalski, Attorneys
for Appellee

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., AND
STEPHEN L. ROTH.

PER CURIAM:

¶1     Duane H. Sandridge claims that the district court "failed to comply with its legal duty to determine the accuracy of the presentence report," as required by Utah Code section 77-18-1(6)(a). He requests that the case be remanded with a requirement that Adult Probation & Parole (AP&P) prepare a corrected presentence report (PSI) and that he be resentenced. We affirm.

¶2     Section 77-18-1(6)(a) requires that "[a]ny alleged inaccuracies in the presentence investigation report" that are not resolved prior to sentencing "shall be brought to the attention of the sentencing judge, and the judge shall grant an additional 10 working days to resolve the alleged inaccuracies in the report

with" AP&P. *See* Utah Code Ann. § 77-18-1(6)(a) (LexisNexis Supp. 2014). "If after 10 working days the inaccuracies cannot be resolved, the court shall make a determination of relevance and accuracy on the record." *Id.* "Whether the trial court properly complied with a legal duty to resolve on the record the accuracy of contested information in sentencing reports is a question of law," which we review for correctness. *State v. Waterfield*, 2014 UT App 67, ¶ 29, 322 P.3d 1194 (citation and internal quotation marks omitted).

¶3     The district court twice continued sentencing to allow AP&P to address inaccuracies that Sandridge claimed were in the PSI. As a result, AP&P prepared an amended and a second amended PSI. In addressing each of the five remaining claimed inaccuracies at sentencing, the district court determined both the relevance and accuracy of the claims on the record. Sandridge conceded that even if the requested changes were made, they would not impact the sentencing matrix in the two cases that were before the district court for sentencing. However, he argued that the claimed errors in the PSI could impact him because he was awaiting sentencing in two other counties and because the PSI might be reviewed by the Board of Pardons and Parole.

¶4     The district court declined to require further modification of the criminal history contained in the second amended PSI. Sandridge claimed that the PSI was inaccurate insofar as it reported aliases that he denied using. The district court ruled that because those aliases were included in his criminal record, they would not be removed unless Sandridge could provide documentation to show that they were not, in fact, included in his criminal record. The district court also did not require removal of arrests from the criminal history section if they were accurately reported. The court clarified that arrests or offenses for which there was no disposition were not included in the calculation under sentencing guidelines. Similarly, the district

court reviewed and rejected the claims that some offenses from the criminal history were duplicates or were offenses that Sandridge claimed he did not commit. The district court refused to remove entries in the criminal history section of the PSI based solely upon Sandridge's memory, but it left open the possibility that additional documentation obtained by Sandridge could be added to the record. Contrary to Sandridge's characterization of the ruling, the district court did not leave the claims of alleged inaccuracies unresolved. Instead, the court rejected the claim of further alleged inaccuracies because Sandridge had not demonstrated that the report was inaccurate based upon the criminal record.

¶5    The district court provided partial relief on Sandridge's claim regarding his juvenile record. Sandridge self-reported to AP&P that he had served six months in custody for a juvenile theft offense. AP&P was unable to find a record of his juvenile history. Sandridge later claimed, based solely upon his memory, that the juvenile record had been expunged. The district court declined to require removal of the juvenile record from Sandridge's criminal history. However, the court ruled that four points assessed for the juvenile offense should be removed from the calculation under the sentencing guidelines based upon insufficient proof that the juvenile offense resulted in a secure placement or would have been a felony if committed by an adult. The juvenile offense did not affect the presumed sentence based upon the guidelines.

¶6    Sandridge has not demonstrated that the district court failed to perform its legal duty to determine the relevance and accuracy of the PSI. "The sentencing judge is required to consider the party's objections to the report, make findings on the record as to whether the information objected to is accurate, and determine on the record whether that information is relevant to the issue of sentencing." *Waterfield*, 2014 UT App 67, ¶ 30 (citation and internal quotation marks omitted). At

sentencing, the district court reviewed and determined the accuracy of each of Sandridge's remaining claims. Although Sandridge disagrees with the district court's rulings on his claims, he has not demonstrated that the rulings were incorrect. *See id.* ¶ 33 (stating that if an appellant has not demonstrated that the PSI was factually inaccurate as a result of the district court's ruling, the appellant's substantial rights were not impacted). The claimed inaccuracies were not relevant to sentencing in the case before the court. Accordingly, we affirm.

_____